**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| PATRICIA RUIZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11-4154-JAR-JPO |
| ) | |
| CITY OF GRANDVIEW PLAZA, ) | |
| KANSAS, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This case was removed by Defendants on November 3, 2011, from Geary County, Kansas District Court. In the Petition, Plaintiff alleges claims of wrongful discharge based on breach of an implied contract for continued employment and denial of due process against her former employer the City of Grandview Plaza, Kansas, as well as the Mayor, the City Clerk, and the City Councilmembers. Before the Court is Defendants' Motion to Dismiss (Doc. 7) under Fed. R. Civ. P. 12(b)(6). The motion is fully briefed and the Court is prepared to rule. Defendants' motion is denied because Plaintiff has alleged sufficient facts in her Petition to give rise to a plausible claim that she had an implied contract for continued employment with the City.

**I.     Rule 12(b)(6) Standard**

To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[1] Under this standard, "the complaint must

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[2]  The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully,"[3] but requires more than "a sheer possibility."[4]

The plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*[5] seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"[6]  *Twombly* does not change other principles, such as that a court must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[7]

The Supreme Court has explained the analysis as a two-step process.  For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[8]  Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[9]  Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an

---

[2]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).

[3]*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

[4]*Id.*

[5]550 U.S. 544 (2007).

[6]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

[7]*Id.* (citing *Twombly*, 550 U.S. at 556).

[8]*Iqbal*, 129 S. Ct. at 1949–50.

[9]*Id.* at 1950.

entitlement to relief."[10]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]

Along with her response, Plaintiff submitted evidence outside the pleadings—the "City of Grandview Plaza Employment Policy Manuel [sic]" ("Manual").[12]  Generally, "when matters outside the pleadings are presented to and not excluded by the court [in deciding a motion under Rule 12(b)(6)], the motion must be treated as one for summary judgment under Rule 56."[13]  The Court has discretion to accept or reject documents attached to a motion to dismiss pursuant to Rule 12(b)(6).[14]  However, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss."[15]  Here, Plaintiff submits the Manual, which she explicitly refers to in the Petition, therefore, the Court will consider it in deciding the motion to dismiss.

**II.     Petition**

The following facts are either alleged in the Petition or constitute portions of the Manual, attached to Plaintiff's response to the motion to dismiss.  The Court construes the factual allegations in the light most favorable to Plaintiff.

---

[10]*Id.*

[11]*Id.* at 1949.

[12]Doc. 9, Ex. 1.

[13]Fed. R. Civ. P. 12(d).

[14]*Lybrook v. Members of Farmington Mun. Sch. Bd. of Educ.*, 232 F.3d 1334, 1341 (10th Cir. 2000).

[15]*GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381 (10th Cir. 1997).

The City of Grandview Plaza ("City") is a municipality located in Geary County, Kansas. Plaintiff was an employee of the City from approximately March 2006 to April 2007, and again from approximately September 27, 2007 to November 28, 2010. Plaintiff was a Utility Clerk/Assistant City Clerk during her second period of employment, and City Clerk Shirley Bowers was her supervisor. Plaintiff understood that she would be trained to replace Ms. Bowers upon her retirement.

The City provided Plaintiff with an employee handbook that was most recently revised and updated in April 2009. It provides that the policies contained in the Manual are "established to . . . develop a program of recruitment, advancement and tenure which will make city service attractive as a career."[16] The Manual includes a disclaimer that it does "not create contractual employment rights. All employees are considered to be at-will employees for the purpose of city employment."[17] The manual includes a section on attendance and leave, generally providing that vacation and sick leave shall be accrued by each employee. "For sick leave in excess of three consecutive work days, a supervisor may require a signed statement from a health care provider verifying the employee's inability to perform his or her assigned duties because of illness."[18] And to qualify for paid sick leave, the employee or his or her representative "shall notify his or her immediate supervisor and give the reason for the absence no later that [sic] two hours before the beginning of the first workday for which sick leave is taken."[19]

---

[16] Doc. 9, Ex. 1 ¶ A-1(b).

[17] *Id.* at ¶ A-1(d).

[18] *Id.* at ¶ D-5(c).

[19] *Id.* at ¶ D-5(d).

4

Under the procedures set forth for discipline in the Manual, supervisors are given the authority and responsibility to discipline employees for violations of the City's personnel and department policies. Violation of the personnel policies set forth in the Manual constitutes grounds for disciplinary action, and "absence without leave" is provided in the Manual as one example of a cause for termination. When a supervisor determines that disciplinary action should be applied to an employee, including termination, the supervisor must apply the Procedure for Disciplinary Action, set forth in paragraph F-4 of the Manual. The procedure includes meeting with the employee to review the problem and the proposed discipline, giving the employee an opportunity to refute the fact or argue against the proposed disciplinary action, and notifying the employee in writing of his or her right to file a grievance under the City's grievance procedure. The City's grievance procedure provides that an employee may file a grievance concerning various matters, including "as an appeal of any disciplinary action taken pursuant to these policies." The grievance procedure requires an employee to first file a grievance with the supervisor and then with the City Council. The procedure allows for a hearing but does not require it.

Plaintiff left work very ill on November 17, 2010, with Ms. Bowers' knowledge. On November 18, after being examined by a healthcare provider, Plaintiff talked to Ms. Bowers, who told her to stay home because she sounded terrible. Ms. Bowers had previously advised Plaintiff that if she ran out of sick leave, her annual leave would be used. On November 19, Plaintiff received a text message that she could not return to work without a doctor's note. On November 22, Plaintiff told Ms. Bowers that she would be required to make a doctor's appointment in order to obtain a doctor's note releasing her to work.

Despite providing Ms. Bowers with a doctor's note, Plaintiff was terminated on November 28, 2010. She filed a written grievance on December 3, 2010, with her supervisor but did not receive a timely response. She then filed a second grievance with the City Council. Defendants did not investigate Plaintiff's grievance and did not grant her a hearing.

## III.     Discussion

Defendants move to dismiss, arguing that Plaintiff has not alleged sufficient facts to establish an implied contract for continued employment with the City. Plaintiff contends that the City breached an implied contract by terminating her, based on Ms. Bowers' representations that her annual leave could be used instead of sick leave and based on the disciplinary procedure contained in the Manual that required her supervisor to provide a warning and an opportunity to file a grievance before terminating her.

Plaintiff's wrongful discharge, implied contract, and procedural due process claims turn on the existence of an implied-in-fact contract based on the representations made by the City in its Manual and by Ms. Bowers statements to Plaintiff.[20] Kansas generally follows the employment-at-will doctrine, meaning "that, in the absence of an express or implied contract between an employee and employer regarding the duration of employment, either party is free to end the employment at any time for any reason."[21] The existence of an implied contract "depends on the intent of the parties, divined from the totality of the circumstances."[22] To

---

[20]*See Zywgart v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Kan.*, 412 F. Supp. 2d 1193, 1199 (explaining that the plaintiff must show a protectable property interest in continued employment in order to sustain a procedural due process claim).

[21]*Palmer v. Brown*, 752 P.2d 685, 687 (Kan. 1988); *see also, e.g.*, *Foster v. Alliedsignal Inc.*, 293 F.3d 1187, 1192 (10th Cir. 2002) (citing *Morriss v. Coleman Co.*, 738 P.2d 841, 846 (Kan. 1987)).

[22]*Anglemyer v. Hamilton Cnty Hosp.*, 58 F.3d 533, 537 (10th Cir. 1995).

determine whether the parties understood and intended the Manual to create an implied contract, the factfinder must consider several factors:

> written and oral negotiations, the conduct of the parties from the commencement of the employment relationship, the usages of the business, the situation and objective of the parties giving rise to the relationship, the nature of the employment, and any other circumstances surrounding the employment relationship which would tend to explain or make clear the intention of the parties at the time said employment commenced.[23]

This is normally a question of fact for the jury.[24] The existence of a disclaimer in the employee handbook does not determine the issue as a matter of law.[25]

The Court finds that Plaintiff has alleged sufficient facts to give rise to a plausible claim that she had an implied-in-fact contract with the City. The question of whether an implied-in-fact contract was formed by the Manual is a question of fact. While Defendants are correct that an employment handbook alone is generally insufficient proof of an implied-in-fact contract, the Court does not evaluate the evidence on a motion to dismiss, only whether Plaintiff's factual allegations are sufficient.[26] Plaintiff has identified language in the Manual that suggests an employee would not be terminated unless the supervisor complied with a mandatory disciplinary procedure. Plaintiff also alleges that she relied on and was expected to comply with both the Manual and the directions she received from her supervisor. Plaintiff further alleges that the representations in the Manual were supplemented by Ms. Bowers' verbal representations to her

---

[23]*Id.* at 537.

[24]*Id.*; *Morriss*, 738 P.2d at 848.

[25]*Anglemyer*, 58 F.3d at 538 (discussing *Morriss*, 738 P.2d at 849).

[26]*See id.* (quoting *Farthing v. City of Shawnee, Kan.*, 39 F.3d 1131, 1140 (10th Cir. 1994)) (discussing the proof required on summary judgment).

both before and during her period of leave.  Plaintiff alleges that Bowers initially told her to stay home because her voice sounded terrible, and that she had previously told Plaintiff that she could substitute her annual leave for sick leave if desired.  Plaintiff contends that she complied with her supervisor's request to submit a work release form, and that she told Bowers that this would take some time to obtain because she was required to make another appointment with her doctor.  Assuming Plaintiff's factual allegations are true, she has stated a claim that an implied-in-fact contract existing between her and the City.  Because Plaintiff's claims for wrongful discharge and procedural due process hinge on the existence of such a contract, the Court denies Defendants' motion to dismiss.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss (Doc. 7) is **denied**.

**IT IS SO ORDERED.**

Dated: January 10, 2012

                                           S/ Julie A. Robinson  
                                           JULIE A. ROBINSON  
                                           UNITED STATES DISTRICT JUDGE